**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Javier Alejandro Diaz Plaza, individually and on behalf of all others similarly situated, et al.,** | **1:23-cv-09842 (SDA)** |
| **Plaintiffs,** | **ORDER FOLLOWING TELEPHONE CONFERENCE** |
| **-against-** | |
| **Perfecto Pizzeria Corporation, doing business as Lunetta Pizza & Restaurant, et al.,** | |
| **Defendants.** | |

**STEWART D. AARON, United States Magistrate Judge:**

A telephone conference was held today, during which counsel for Plaintiffs appeared, but individual defendant Hesham Ahmed ("Ahmed") did not appear.[1] For the reasons stated on the record during the telephone conference, it is hereby ORDERED, as follows:

1. The Clerk of Court is respectfully requested to enter a Certificate of Default against Ahmed for failure to defend pursuant to Federal Rule of Civil Procedure 55(a). In an Order entered on September 12, 2025, the Court indicated that Ahmed could proceed with the case *pro se* but was still required to comply with all Court orders and deadlines, and that failure to do so could result in the imposition of sanctions, up to and including entry of a default judgment against him. (See 9/12/25 Order, ECF No. 51, ¶ 3.) In an Order entered on October 3, 2025, the Court again indicated that

---

[1] Defendants Perfecto Pizzeria Corporation and 1638 Pizza Corporation also failed to appear. However, the Court already requested that the Clerk of Court enter a default against these defendants in its November 17, 2025 Order. (11/17/25 Order, ECF No. 57.)

Ahmed had to comply with all Court orders and deadlines, including attending a telephone conference scheduled for November 17, 2025. (See 10/3/25 Order, ECF No. 53, ¶ 3.) By Order dated November 17, 2025, the Court directed Ahmed to show cause, no later than December 8, 2025, why a default should not be entered against him for failure to appear at the November 17 conference. (11/17/25 Order ¶ 2.) The Order also scheduled a telephone conference for December 12, 2025, and warned Ahmed that his failure to appear at the conference would result in a default being entered against him. (*Id.* ¶ 3.) Ahmed did not appear at today's conference and has failed to show cause why a default should not be entered against him. Rule 55(a) of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court . . ., [the district court judge] also possesses the inherent power to enter a default." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citations omitted).

2.  No later than 30 days after the Clerk of Court enters a Certificate of Default against Ahmed, Plaintiffs shall file a motion for default judgment against all Defendants.

3.  No later than December 16, 2025, Plaintiffs' counsel shall serve by mail a copy of this Order on Defendants and file proof of service to the ECF docket.

**SO ORDERED.**

Dated:      New York, New York
            December 12, 2025

_____
STEWART D. AARON
United States Magistrate Judge