**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Javier Alejandro Diaz Plaza, individually and on behalf of all others similarly situated, et al.,<br><br>                                  **Plaintiffs,**<br><br>                **-against-**<br><br>Perfecto Pizzeria Corporation, doing business as Lunetta Pizza & Restaurant, et al.,<br><br>                                **Defendants.** | **1:23-cv-09842 (SDA)**<br><br><u>**OPINION AND ORDER**</u> |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by plaintiffs Javier Alejandro Diaz Plaza ("Plaza"), Cesar Luis Regente Maria ("Maria"), Rigoberto Maria Cristobal ("Cristobal") and Guadalupe Sebastian Soriano Jimenez ("Jiminez") (collectively, the "Plaintiffs"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for entry of a default judgment against defendants Perfecto Pizzeria Corporation ("Perfecto"), 1638 Pizza Corporation ("1638 Pizza") and Hesham Ahmed ("Ahmed") (collectively, the "Defendants"). (Pls.' 1/15/26 Not. of Mot., ECF No. 64.) As set forth below, Plaintiffs' motion is GRANTED, and the Clerk of Court is respectfully requested to enter judgment as set forth in the Conclusion, *infra*, and to close this case.

**BACKGROUND FACTS[1]**

Perfecto and 1638 Pizza owned and operated restaurants in Manhattan. (*See* Compl., ECF No. 1, ¶¶ 1, 11-14.) Ahmed was the owner and operator of Perfecto and 1638 Pizza and had power and authority over all personnel decisions. (*See id*. ¶¶ 21-29.) Ahmed operated Perfecto and 1638 Pizza as a single integrated enterprise. (*See id*. ¶¶ 30-33.)

Plaintiffs are former employees of the Defendants, who were employed by the Defendants as dishwashers, cleaners, delivery persons, food preparers and cooks while performing related miscellaneous duties for the Defendants at various times during the period from in or around April 2019 to July 2023. (*See* Compl. ¶¶ 34-134.) Throughout Plaintiffs employment with Defendants, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages, overtime compensation and spread of hours premiums in contravention of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*Id*. ¶¶ 156-57, 161, 166-68, 171, 179.) Defendants also failed to provide Plaintiffs with wage statements and wage notices. (*Id*. ¶¶ 182, 185.)

**RELEVANT PROCEDURAL HISTORY**

On November 7, 2023, Plaintiffs commenced this action by filing their Complaint. (*See* Compl.) On January 5, 2024, Defendants, represented by counsel, filed their Answer. (Defs.' Ans., ECF No. 18.) On September 20, 2024, upon consent of the parties, this case was referred to the undersigned to conduct all proceedings and order the entry of a final judgment. (Consent, ECF No. 34.)

---

[1] In light of Defendants' default, the Court is required to accept all of Plaintiff's allegations as true, except for those pertaining to damages. *See, e.g.*, *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009).

On October 3, 2025, the Court granted defense counsel's motion to withdraw. (10/3/25 Order, ECF No. 53.) On December 12, 2025, after Perfecto and 1638 Pizza had failed to appear by counsel, as required, a Clerk's Certificate of Default was entered against them. (12/12/25 Clerk's Cert., ECF No. 59.) On December 15, 2025, after Ahmed failed to abide by numerous Orders of the Court (*see* 12/15/25 Order, ECF No. 60), a Clerk's Certificate of Default was entered against Ahmed. (12/15/25 Clerk's Cert., ECF No. 62.)

On January 15, 2026, Plaintiffs filed their motion for default judgment that presently is before the Court. (*See* Pls.' 1/15/26 Not. of Mot.) On January 16, 2026, the Court entered an Order providing that any opposition to the motion was required to be filed no later than February 2, 2026. (1/16/26 Order, ECF No. 69.) The Court's January 16 Order was served on Defendants (*see* 1/16/26 Aff. of Service, ECF No. 70), but Defendants failed to file any opposition.

## LEGAL STANDARDS FOR DEFAULT JUDGMENT

"While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Hernandez Gomez v. 4 Runners, Inc.*, 769 F. App'x 1 (2d Cir. 2019) (summary order) ("Although a default judgment establishes legal liability, courts must still ascertain the amount of damages with reasonable certainty, accepting as true all factual allegations in the complaint except those relating to damages[.]" (internal citations and quotations omitted)). The plaintiff bears the burden of establishing his entitlement to recovery and thus must substantiate his claims with evidence to prove the extent of his damages "in which the defendant has the opportunity to contest the amount." *See Greyhound Exhibitgroup*, 973 F.2d at 158.

Although the Court may hold a hearing to assess damages, a hearing is not required when a sufficient basis on which to make a calculation exists. *See* Fed. R. Civ. P. 55(b)(2); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC,* 779 F.3d 182, 189 (2d Cir. 2015). Indeed, the Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "as long as [the Court] ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted). Here, the Court relies on Plaintiffs' submissions, which contain a sufficient evidentiary basis to determine Plaintiff's damages. (*See* PF&C; Ramirez Aff.; Cilenti Decl.)

An employee seeking to recover unpaid wages has the burden of proving that he performed work for which he was not properly compensated. *See Angamarca v. Pita Grill 7 Inc.*, No. 11-CV-07777 (JGK) (JLC), 2012 WL 3578781, at *3 (S.D.N.Y. Aug. 2, 2012). An employer is required to maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him . . . ." 29 U.S.C. § 211(c); *see also* 12 N.Y. Compilation Codes R. & Regs. ("N.Y.C.R.R.") § 146-2.1. Absent such documentation, an employee may establish his right by relying on "'estimates based on [his] own recollection'" alone. *See Ramirez v. Urion Constr. LLC*, 674 F. Supp. 3d 42, 49 (S.D.N.Y. 2023) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)). An affidavit or declaration that sets forth the number of hours worked is sufficient. *See Angamarca*, 2012 WL 3578781, at *3.

Once an employee has presented his evidence, an employer then may "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Angamarca*, 2012

WL 3578781, at *4 (internal citations and quotations omitted). "If the employer fails to do so, the court may enter judgment in the employee's favor, using her recollection to determine damages, even though the result be only approximate." *Id.* (internal citations and quotations omitted).

Having reviewed Plaintiffs' submissions, and because Defendants have defaulted, Plaintiffs' representations as to the dates and hours they worked will be credited and their damages will be calculated on that basis.

## DISCUSSION

Based upon the well-pled allegations of the Complaint, Defendants, as Plaintiffs' employers, are liable for the unpaid wages and other amounts due to Plaintiffs under the FLSA and the NYLL. (See Pls.' 1/15/26 Mem., ECF No. 66, at 10-15.)

Turning to the issue of damages, Plaintiffs seeks compensatory damages for unpaid minimum wages; unpaid overtime compensation; unpaid spread of hours premiums; liquidated damages; statutory damages pursuant to the New York State Wage Theft Prevention Act ("WTPA"); pre-judgment interest; post-judgment interest; and a statutory penalty if damages are not paid within ninety days. (Pls.' 1/15/26 Mem. at 15-25.)[2] These are considered in turn below.

## I.    Unpaid Minimum Wages

Plaintiff seeks damages for unpaid minimum wages under the NYLL. (*See* Compl. ¶¶ 163-69; *see also* Pls.' 1/15/26 Mem. at 18-19.) New York's minimum wage during the relevant period was $15.00. *See* N.Y. Lab. Law § 652. Plaintiffs submitted to the Court calculations of the amounts

---

[2] Plaintiff asserts claims under both the NYLL and the FLSA. The statute of limitations under the NYLL is six years. *See* N.Y. Lab. Law § 663(3). This action was filed on November 7, 2023. The earliest date for which Plaintiffs are seeking damages is in April 2019 (*see* Pls.' 1/15/26 Mem. at 7), which is within the statutory period.

of minimum wages that they contend are due to them. (*See* Avshalumov Decl., Ex. P, ECF No. 65-16.) The Court finds the calculations set forth by Plaintiffs to be sound. Accordingly, Plaza is entitled to the sum of $13,885.71 in unpaid minimum wages, Maria is entitled to the sum of $7,411.43[3] and Cristobal is entitled to the sum of $36,417.14, for a total of $57,714.28.

## II.      **Unpaid Overtime Compensation**

Plaintiffs seek damages for unpaid overtime compensation under the FLSA and NYLL. (*See* Compl. ¶¶ 152-62; *see also* Pls.' 1/15/26 Mem. at 17-18.) To recover damages under both the FLSA and the NYLL for unpaid overtime wage, a plaintiff must allege that [he] "worked hours for which []he did not receive . . . overtime wages." *Tackie v. Keff Enterprises LLC*, No. 14-CV-02074 (JPO), 2014 WL 4626229, at *2 (S.D.N.Y. Sept. 16, 2014) (citation omitted). Under the FLSA, employees must be paid one-and-one-half times their regular rate for each hour worked over forty (40) hours in a week. *See* 29 U.S.C. § 207(a)(1). New York's rules on overtime explicitly

---

[3] Plaintiffs' damages chart reflects that Maria is owed $6,331.43 in unpaid minimum wages, plus $1,080.00 in unpaid wages. (*See* Avshalumov Decl., Ex. P.) The Court lumps these two amounts together, to arrive at $7,411,43, treating the failure to pay any wages as a minimum wage violation. *See Zabrodin v. Silk 222, Inc.*, 702 F. Supp. 3d 102,119 (E.D.N.Y. 2023) (employers found liable for minimum wage violations under NYLL where "employers failed to pay employee any wages for his last three weeks of employment" (emphasis omitted)).

Plaintiffs explain in their memorandum that they "calculated Plaintiff Maria's unpaid wages [for his first three weeks of employment] by multiplying his hourly rate [*i.e.*, $9.00] to 40 hours which . . . represent[ed] his regular weekly pay, then [they] multiplied his regular weekly pay to the total weeks that [Maria] was not compensated." (Pls.' 1/15/26 Mem. at 20.) Separately, in calculating the unpaid minimum wages for Maria (amounting to $6,331.43), Plaintiffs used the $6.00 difference between the minimum wage rate (*i.e.*, $15.00) and Maria's regular rate of pay (*i.e.*, $9.00). (*See* Avshalumov Decl., Ex. P, at PDF p. 4.) Instead of using this approach, *i.e.*, adding the $9.00 regular rate and the $6.00 difference, the Court finds that Defendants failed to pay the $15.00 minimum wage rate for the hours worked by Maria in the first three weeks. In other words, the Court awards Maria the same amount he seeks against Defendants, but arrives there in a different way.

incorporate those of the FLSA and thus require pay at one-and-one-half times the regular rate for each hour over forty (40) hours worked in a week. *See* 12 N.Y.C.R.R. § 142-2.2. In cases where the regular rate is less than minimum wage, overtime is calculated by multiplying the statutory minimum wage by 1.5. *See Baltierra v. Advantage Pest Control Co.*, No. 14-CV-05917 (AJP), 2015 WL 5474093, at *5 (S.D.N.Y. Sept. 18, 2015).

Based on Plaintiffs' submissions, including the calculations contained therein, which the Court finds to be sound (*see* Avshalumov Decl., Ex. P), Plaza is entitled to the sum of $3,091.07 in overtime wages, Maria is entitled to the sum of $10,732.00, Cristobal is entitled to the sum of $64,482.29 and Jimenez is entitled to the sum of $3,703.57, for a total of $82,008.93.

III.     **Spread Of Hours Premiums**

Plaintiffs seek damages for unpaid spread of hours premiums due under the NYLL. (*See* Compl. ¶¶ 170-72; *see also* Pls.' 1/15/26 Mem. at 19.) The NYLL requires employers to pay covered employees one extra hour of compensation, at the basic minimum wage rate, for each day on which they worked more than ten hours. 12 N.Y.C.R.R. § 142-2.4(a). Spread of hours is defined as "the interval between the beginning and end of an employee's workday" and "includes working time plus time off for meals plus intervals off duty." *Id*. § 142-2.18. "The spread of hours regulation applies to employers that are 'restaurants.'" *Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-00802 (GBD) (GWG), 2023 WL 5574854, at *14 n.24 (S.D.N.Y. Aug. 29, 2023) (citing N.Y.C.R.R. § 146-1.6). A restaurant is "any eating or drinking place that prepares and offers food or beverage for human consumption . . . ." 12 N.Y.C.R.R. § 146-3.1(b). An employee may recover spread-of-hours wages in addition to federal and state overtime wages. *See Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 339-40 (S.D.N.Y. 2005).

Based on Plaintiffs' submissions, including the calculations contained therein, which the Court finds to be sound (*see* Avshalumov Decl., Ex. P), Maria is entitled to the sum of $900.00 in unpaid "spread of hours" premiums, Cristobal is entitled to the sum of $6,634.29 and Jimenez is entitled to the sum of $261.43, for a total of $7,795.72.

## IV.  Liquidated Damages

Plaintiffs seek liquidated damages for their unpaid wage claims. (*See* Compl., Prayer for Relief, ¶ f; *see also* Pls.' 1/15/26 Mem. at 20-22.)  A plaintiff may recover liquidated damages in a sum certain under both the FLSA and the NYLL, but not both. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a); *see also Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.").

Under the NYLL, Plaintiffs are entitled to liquidated damages since Defendants' wage violations were "willful."[4] N.Y. Lab. Law §§ 198(1-a), 663(1). Section § 663(1) of the NYLL provides that Plaintiffs are entitled to "liquidated damages equal to one hundred percent of the total of such underpayments found to be due." *Id.* § 663(1). Plaintiffs are entitled to liquidated damages on the total amounts of unpaid minimum, overtime wages and spread of hours premiums under the NYLL in an amount equaling 100% of the total amount due. Thus, because the Court found that Plaintiffs are entitled to unpaid minimum wages in the amount of $57,714.28, unpaid overtime compensation in the amount of $82,008.93 and unpaid "spread of hours" premiums in

---

[4] Since Defendants defaulted, they have made no showing of good faith to merit denying liquidated damages. *See Pastrana v. Mr. Taco LLC*, 18-CV-09374 (GBD) (SN), 2022 WL 16857111, at *10 (S.D.N.Y. Sept. 23, 2022).

the amount of $7,795.72, the Court finds that Plaintiffs are entitled to liquidated damages under the NYLL equal to $147,518.93.

**V.        Damages For Failure To Provide Notices And Wage Statements Under NYLL**

Plaintiffs seek to recover statutory damages of $10,000.00 for each of the Plaintiffs under the New York Wage Theft Prevention Act. (*See* Avshalumov Decl., Ex. P, at PDF p. 2; *see also* Pls.' 1/15/26 Mem. at 22-23.) The Wage Theft Prevention Act requires employers to provide annual wage notices to employees hired after April 9, 2011, and to provide each employee with accurate wage statements each time wages are paid. *See* N.Y. Lab. Law §§ 195(1)(a), 195(3). Section 195(1) requires an employer to provide employees a notice at the time of hiring containing, among other things, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; [and] allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . .." *Id.* § 195(1)(a). Section 195(3) requires that employers provide employees with certain wage statement information "with every payment of wages." *Id.* § 195(3). An employer's failure to comply with either section of the law makes them liable for damages for each instance that the violations occurred or continued to occur. *See id.* § 198(1-b) (stating that damages for wage notice violations under § 195(1) accumulate at rate of $50 per day, but not to exceed $5,000); *Id.* § 198(1-d) (stating that damages for wage statement violations under § 195(3) accumulate at rate of $50 per day but may not exceed $5,000).

Plaintiffs have established that Defendants failed to comply with § 195(1)(a) and § 195(3) of the NYLL.[5] Accordingly, each of the Plaintiffs is entitled to recover $10,000.00 for violations of the Wage Theft Prevention Act, for a total of $40,000.00.

**VI.    Pre-Judgment Interest**

Plaintiffs seek pre-judgment interest on his NYLL claims. (*See* Compl., Prayer for Relief, ¶ g; *see also* Pls.' 1/15/26 Mem. at 23-24.) A plaintiff is entitled under New York law to pre-judgment interest at the statutory rate of nine percent (9%) per year. *See* N.Y. C.P.L.R. § 5001 (providing for interest to verdict, report or decision); N.Y. C.P.L.R. § 5004(a) (providing for interest rate of 9% per annum). Pre-judgment interest applies only to the amount of compensatory damages and excludes the amount of liquidated damages. *See Angamarca*, 2012 WL 3578781, at *9. Where unpaid wages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). It is respectfully recommended that pre-judgment interest be calculated by applying the statutory interest rate to the entire principal amount due under the NYLL, beginning on such an "intermediate date" and running up until and including the date judgment is entered. *See Angamarca*, 2012 WL 3578781, at *9.

---

[5] The Court finds that Plaintiffs have standing to pursue their Wage Theft Prevention Act claims because they allege in their Complaint (*see* Compl. ¶¶ 44, 56, 70, 83, 96, 109, 121, 133, 138) that they suffered a concrete harm in that they were unable to ask Defendants to remedy their compensation problems, lacked knowledge about the rates of pay they were actually receiving and/or should have been receiving, and were unable to determine their hourly rates of pay to see if they were being properly paid. *See Lata v. Live Constr. Corp.*, No. 24-CV-05981 (RER) (CLP), 2025 WL 2782336, at *9 (E.D.N.Y. Sept. 18, 2025), *report and recommendation adopted*, 2025 WL 2782495 (E.D.N.Y. Sept. 30, 2025).

In the present case, the Court uses the midpoint date as calculated by Plaintiffs of May 31, 2021. (*See* Avshalumov Decl., Ex. P, at PDF p. 7; *see also* Pls.' 1/15/26 Mem. at 24.) Therefore, pre-judgment interest shall start to run on May 31, 2021 on the sum of $335,037.86. Pre-judgment interest shall be calculated up to the date of the entry of judgment.

## VII. Post-Judgment Interest

Plaintiffs seek an award of post-judgment interest. (*See* Compl., Prayer for Relief, ¶ g; *see also* Pls.' 1/15/26 Mem. at 24-25.) Plaintiffs are correct that an award of post-judgment interest on a federal court judgment is mandatory. (*See* Pls.' 1/15/26 Mem. at 24 (citing *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008)).)

## VIII. Penalty If Judgment Not Paid Within Ninety Days

Plaintiffs seek an increase of fifteen percent for any unpaid amount of the judgment still pending after ninety days, as provided in NYLL § 198(4). (Pls.' 1/15/26 Mem. at 25.) In addition, although Plaintiffs are not seeking their costs and attorneys' fees in this action, they are seeking statutory costs and reasonable attorneys' fees to be incurred in enforcing the judgment against the Defendants. (*Id.*)

The NYLL provides that, "[a]ny judgment or court order awarding remedies under this section [sections 198 and 663, as does the judgment applied for herein] shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law §§ 198(4), 663(4). It further provides that attorneys' fees and costs incurred in enforcement

of a judgment shall be awarded to the plaintiff. *Id*. Accordingly, the judgment to be entered shall include this language. *See Lata*, 2025 WL 2782336, at *20.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a default judgment is GRANTED. The Clerk of Court is respectfully requested to enter judgment in favor of Plaintiffs against Defendants, awarding Plaintiffs the following relief:

1.      Damages in the amount of $335,037.86;

2.      Pre-judgment interest on the sum of $335,037.86 from May 31, 2021 up to the date of the entry of judgment;

3.      Post-judgment interest at the rate set forth in 28 U.S.C. § 1961;

4.      A fifteen-percent (15%) penalty if damages under the NYLL are not paid within ninety (90) days of judgment or the expiration of time to appeal; and

5.      Reasonable attorneys' fees and costs to be incurred in enforcing this judgment.

The Clerk of Court also is requested to close this case.

**SO ORDERED.**

DATED:       New York, New York
             February 10, 2026

_____
STEWART D. AARON
United States Magistrate Judge