**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Javier Alejandro Diaz Plaza, individually and on behalf of all others similarly situated, et al., | |

Javier Alejandro Diaz Plaza, individually
and on behalf of all others similarly situated,
et al.,

                    **Plaintiffs,**

       **-against-**

Perfecto Pizzeria Corporation,
doing business as Lunetta Pizza &
Restaurant, et al.,

                    **Defendants.**

**1:23-cv-09842 (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

This Order addresses an unfortunate situation where an attorney entered an appearance on behalf of an individual defendant, Hashem Ahmed ("Ahmed"), without proper authorization to do so. He then withdrew from such representation without advising Ahmed that he did so, ultimately resulting in a default judgment being entered against Ahmed.

## BACKGROUND

On November 7, 2023, Plaintiffs commenced this action by filing their Complaint alleging claims under the Fair Labor Standards Act and the New York Labor Law against Perfecto Pizzeria Corporation, doing business as Lunetta Pizza & Restaurant ("Perfecto") and 1638 Pizza Corporation, doing business as Il Cantuccio Pizzeria & Restaurant ("1638 Pizza") (together, the "Corporate Defendants"), as well as Ahmed (collectively, the "Defendants"). (*See* Compl., ECF No.

1, ¶¶ 13-14, 21, 152-86.) Plaintiffs[1] alleged, among other things, that Ahmed was the owner and agent of the Corporate Defendants, that he was responsible for overseeing the daily operations of the Corporate Defendants and that he had power and authority over all the final personnel and payroll decisions of the Corporate Defendants. (*See id*. ¶¶ 21-28.)

On November 10, 2023, the Summons and Complaint purportedly were served upon the Corporate Defendants and Ahmed. (*See* Affs. of Service, ECF No. 7.) The affidavit of service purportedly reflecting service upon Ahmed states that it was served upon a John Doe employee at 1162 First Avenue, New York, New York, who refused to provide his name. (*See* Ahmed Aff. of Service, ECF No. 7-2.)

On November 14, 2023, Attorney Michael K. Chong ("Attorney Chong") and Abdellatif M. Abdellatif ("Abdellatif") entered into a retainer agreement (the "Retainer Agreement").[2] (*See* Chong 4/27/26 Ltr., ECF No. 80, at 3.) The clients listed in the Retainer Agreement were the Corporate Defendants, Ahmed and Abdellatif.[3] (*See id*.) Abdellatif purportedly signed the Retainer Agreement "Individually and Authorized to sign on behalf of all defendants[,]" one of whom was Ahmed.[4] (*See id*.)

---

[1] Plaintiffs formerly were employed by the Defendants as dishwashers, cleaners, delivery persons, food preparers and cooks while performing related miscellaneous duties for the Defendants at various times during the period from around April 2019 to July 2023. (*See* Compl. ¶¶ 34-134.)

[2] Attorney Chong did not file a copy of the Agreement with the Court, but rather included excerpts from the letter in his April 27, 2026 letter.

[3] Abdellatif nowhere is mentioned in the Complaint. (*See generally* Compl.)

[4] New York law requires that an attorney who undertakes to represent a client must provide the client with a written letter of engagement, like a Retainer Agreement. *See* 22 NYCRR § 1215.1. Attorney Chong failed to comply with New York law, in that he never provided the Retainer Agreement to Ahmed.

On November 22, 2023, Attorney Chong filed a Notice of Appearance on behalf of the Defendants, including Ahmed. (Not. of Appearance, ECF No. 8.) On November 27, 2023, Attorney Chong filed a Letter Motion seeking an extension of time to respond to the Complaint "so that [he] can meet with [his] new clients . . .." (Chong 11/27/23 Ltr. Mot., ECF No. 11.) On November 28, 2023, District Judge Caproni granted the Letter Motion in part, extending the time to answer until January 5, 2024. (11/28/23 Order, ECF No. 12.)

On January 5, 2024, Attorney Chong filed an Answer on behalf of the Defendants, including Ahmed. (Defs.' Ans., ECF No. 18.) In the Answer, which was signed by Attorney Chong, among other denials, Defendants denied the allegation that Ahmed was the owner of Perfecto and 1638 Pizza. (*See id*. ¶ 21.) Thereafter, discovery proceeded pursuant to a Case Management Plan entered by the Court. (*See* Case Mgt. Plan, ECF No. 27.)

On September 20, 2024, upon consent of the parties (with Attorney Chong signing on behalf of "All Defendants," including Ahmed), this case was referred to the undersigned to conduct all proceedings and order the entry of a final judgment. (Consent, ECF No. 34.) Following completion of discovery, and before the filing of the required Joint Pretrial Order, Attorney Chong filed a motion to withdraw as counsel for the Defendants.[5] (*See* Mot. to Withdraw.) In his sworn affidavit in support of the motion to withdraw, Attorney Chong stated that "[o]n or about November 14, 2023 [he] was retained as Counsel for Defendants in this matter." (Chong 9/11/25 Aff., ECF No. 50-1, ¶ 2.) He also stated that he made multiple attempts to contact "Defendants" (which were defined to include Ahmed), but that they were nonresponsive. (*See id*. ¶¶ 3-5.) In

---

[5] In the notice of motion to withdraw, Attorney Chong stated that the name of Defendant Perfecto was "improperly pled" and refers to this defendant as 63rd Street Food Corp. d/b/a Lunetta Pizza. (*See* Mot. to Withdraw, ECF No. 50, at 1-2)

the proof of service for his motion to withdraw, Attorney Chong states that the motion and supporting documents were "provided to Defendants [which would include Ahmed] via email, the established method of communication." (9/11/25 Proof of Service, ECF No. 50-3.)

On September 12, 2025, the Court entered an Order requiring Defendants, including Ahmed, to send to Attorney Chong any response to the motion to withdraw by September 30, 2025. (9/12/25 Order, ECF No. 51, ¶ 2.) The Order also required Attorney Chong to serve a copy of the Order upon Defendants, including Ahmed, and file proof of service to the docket. (*See id*. ¶ 1.) On September 15, 2025, Attorney Chong certified in a Proof of Service that he served a copy of the Court's September 12, 2025 Order by mail to the address 1162 First Avenue, New York, New York, and that it also "ha[d] been emailed to Defendants." (9/15/25 Proof of Service, ECF No. 52.)

After no response to the motion was received, on October 3, 2025, the Court granted defense counsel's motion to withdraw. (10/3/25 Order, ECF No. 53.) The Order provided, in part, that, "[w]hile individual defendant Ahmed can proceed *pro se*, he still [would] be required to comply with all Court orders and deadlines, including attending [a November 17, 2025] telephone conference," and that "failure to do so may result in the imposition of sanctions, up to and including entry of a default judgment against him." (10/3/25 Order, ECF No. 53, ¶ 3.) On October 6, 2025, Attorney Chong certified in a Proof of Service that he served a copy of the Court's October 3, 2025 Order by mail to the address 1162 First Avenue, New York, New York, and that it also "ha[d] been emailed to Defendants," one of whom was Ahmed. (10/6/25 Proof of Service, ECF No. 54.)

4

On December 15, 2025, after Ahmed appeared to have ignored numerous Orders of the Court (*see*, *e.g.*, 12/12/25 Order, ECF No. 60), a Clerk's Certificate of Default was entered against Ahmed. (12/15/25 Clerk's Cert., ECF No. 62.) On January 15, 2026, Plaintiffs filed a motion for default judgment against all Defendants, including Ahmed. (*See* Pls.' 1/15/26 Not. of Mot., ECF No. 67) On February 10, 2026, the Court granted Plaintiffs' motion (*see* 2/10/26 Op. & Order, ECF No. 71) and a default judgment was entered against all Defendants, including Ahmed. (Default Judg., ECF No. 72.)

On April 20, 2026, two letters dated April 16, 2026, from Ahmed, appearing *pro se*, were filed to the ECF docket stating that Ahmed was not the owner of the Corporate Defendants and that he only worked as a "counter person." (Ahmed 4/16/26 Ltrs., ECF Nos. 77 & 78.) On April 21, 2026, the Court entered an Order scheduling a telephone conference for April 30, 2026, to address Ahmed's correspondence, and requiring Attorney Chong to appear. (4/21/26 Order, ECF No. 79.)

On April 27, 2026, Attorney Chong filed a letter setting forth certain of the contents of the Retainer Agreement and stating that he was retained by Abdellatif, who told Attorney Chong that he "was authorized to sign [the Retainer Agreement] on behalf of all defendants." (Chong 4/27/26 Ltr. at 4.) Attorney Chong also stated that Abdellatif advised him that Abdellatif "was the 'Owner/Manager' and that Hesham Ahmed was a general manager and had an ownership interest as well." (*Id*.) In addition, Attorney Chong stated in his April 27 letter that he had received a call from Attorney Lee Jacobs ("Attorney Jacobs"), who had been retained by Ahmed, and that Attorney Jacobs advised that Ahmed had never met with Attorney Chong. (*Id*.) Attorney Chong confirmed in his April 27 letter that this was "correct." (*Id*.)

On April 28, 2026, Attorney Chong filed a supplemental letter, to which he attached an email from Attorney Jacobs stating that "Mr. Ahmed maintains he never met [Attorney Chong], never executed a retainer agreement with [Attorney Chong's] office, and never authorized [Attorney Chong's] appearance on his behalf." (Chong 4/28/26 Ltr., ECF No. 81, Ex. A.) Also on April 28, 2026, Attorney Jacobs entered an appearance on behalf of Ahmed. (4/28/26 Not. of Appearance, ECF No. 82.)

On April 30, 2026, a telephone conference was held in which counsel for Plaintiffs, Attorney Katelyn Schillaci ("Attorney Schillaci"); Attorney Chong; and Attorney Jacobs participated. During the conference, Attorney Chong admitted that he had never spoken or otherwise communicated with Ahmed. Rather, all of Attorney Chong's communications were with Abdellatif. Attorney Jacobs stated that Ahmed only first became aware of this action in April 2026. Attorney Jacobs also stated that he would be filing a motion on behalf of Ahmed to vacate the default judgment.

## **ORDER**

Accordingly, as stated on the record during the conference, it is hereby ORDERED, as follows:

1.    No later than May 7, 2026, Attorney Schillaci and Attorney Jacobs shall file either: (a) a consent to the jurisdiction of Magistrate Judge Aaron, found at https://nysd.uscourts.gov/sites/default/files/practice_documents/sdaConsentToProceedBeforeUSMagistrateJudge.pdf, or (b) a joint letter stating that one of them declined to consent.

2.    No later than Thursday, May 14, 2026, Defendant Ahmed shall file a motion to vacate the default judgment.

3.    No later than Thursday, May 28, 2026, Plaintiffs shall file any opposition.

4.    No later than Thursday, June 4, 2026, Defendant Ahmed shall file any reply.

Based upon the facts set forth in the Background Section above, the Court finds that Attorney Chong violated one or more of the New York Rules of Professional Conduct. *See*, *e.g.*, N.Y. Rules of Pro. Conduct r. 1.4(a) (failing to keep client reasonably informed about the status of the matter); 1.16(e) (upon withdrawal from representation, failure to take steps to avoid foreseeable prejudice to the rights of the client); 3.3(a) (making false statement to tribunal). By reason of the foregoing, the Court is referring Attorney Chong to the Court's Grievance Committee to take any appropriate action.

**SO ORDERED.**

DATED:    New York, New York
          April 30, 2026

_____
STEWART D. AARON
United States Magistrate Judge

7